UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN H SONG,

          Plaintiff,

    v.

THOMAS MOORE,

          Defendant.

Case No. 26-cv-01209-NC

**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re: ECF 13

Plaintiff Brian Song asserts two causes of action against Thomas Moore arising from a Santa Clara County Superior Court proceeding in which they represented opposing parties. The Superior Court found Plaintiff committed (1) fraud on the court by omitting key facts in a motion to compel discovery, and (2) abusive litigation tactics, including threatening a sanctions motion. Defendant moves to strike the complaint or dismiss it. Because witness immunity and California's litigation privilege bar Plaintiff's claims against Defendant, the Court GRANTS Defendant's Motion to Dismiss the complaint without leave to amend.

I.    **BACKGROUND**

    A.    **Factual Background**

Plaintiff alleges as follows. Plaintiff and Defendant are attorneys licensed to practice in California. Compl. (ECF 1) ¶¶ 7, 8. In briefings submitted to a California

United States District Court
Northern District of California

Superior Court, Defendant made false and fabricated statements. *Id.* ¶ 9. The Superior Court issued an order which relied upon Defendant's statements. *Id.* ¶ 12. Then, Defendant filed a disciplinary complaint against Plaintiff with the California State Bar based on the Court's order. *Id.* ¶ 13. The State Bar has indicated its' intent to rely upon the Superior Court's order which places Plaintiff's law license and livelihood at risk. *Id.* ¶ 14.

### B.    Procedural Background

On February 9, 2026, Plaintiff filed the complaint in the present action. ECF 1. On April 13, 2026, Defendant moved to strike the complaint in accordance with California Code of Civil Procedure Section 425.16 (anti-SLAPP statute) or, in the alternative, to dismiss the complaint. ECF 13. Plaintiff opposed. ECF 14. Defendant replied. ECF 15.

The parties have consented to magistrate judge jurisdiction. ECF 9, 11.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DEFENDANT IS ENTITLED TO IMMUNITY FOR ALL OF PLAINTIFF'S CLAIMS

### A. Witness Immunity Bars Plaintiff's Claims

Under long-standing common law doctrine, witnesses are given absolute immunity from civil liability for their testimony in judicial proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 330–34 (1983); *Franklin v. Terr*, 201 F.3d 1098, 1101 (9th Cir. 2000) (witness immunity is based on protecting the judicial process). The Supreme Court emphasized the durability of this immunity by observing that it was even extended in cases where the witnesses "knew the statements were false and made them with malice." *Briscoe*, 460 U.S. at 332. Witness immunity applies to testimony offered in sworn statements and in pretrial proceedings. *Burns v. Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989).

Plaintiff cannot maintain any claims against Defendant because he is entitled to witness immunity. The complaint alleges Defendant "made false and fabricated assertions about Plaintiff in filings submitted to a California Superior Court" and, by extension of the Court's order relying on those assertions, the State Bar. Compl. ¶¶ 9–14. Defendant functioned as a witness by submitting sworn statements regarding Plaintiff's litigation tactics in the Superior Court proceeding. ECF 13-28 (Defendant's sworn declaration in support of the motion for sanctions in the Santa Clara action). As such, even if Defendant's statements were false or fraudulent when made, he is entitled to witness immunity. *Briscoe*, 460 U.S. at 332. This immunity also applies to individuals who make State Bar complaints. *See Krause v. Chawla*, No. 2:23-cv-02307-DAD-DB, 2024 WL 3637488, at *6 (E.D. Cal. Aug. 2, 2024), *appeal dismissed sub nom. Frederick Mitchell et al. v. Manjari Chawla et al.*, No. 24-6827, 2025 WL 4718842 (9th Cir. Dec. 17, 2025) (citing *Kinney v. California*, No. 14-cv-01591-PSG-MRW, 2014 WL 12966059, at *3 (C.D. Cal. Sept. 10, 2014) ("[T]he Court finds that Cooper is entitled to absolute immunity for . . . her initial complaint to the State Bar."), *aff'd sub nom. Kinney v. State Bar of Cal.*, 676 F. App'x 661, 663 (9th Cir. 2017)) (affirming immunity for State Bar complaint).

Witness immunity also extends to § 1983 claims. *See Burns v. Cty. of King*,

United States District Court
Northern District of California

3

883 F.2d 819, 821 (9th Cir. 1989) ("witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony given at trial, or for testimony given during adversarial pretrial proceedings").  Plaintiff's opposition brief does not address this immunity or its' application.  *See* ECF 15 at 12 (only presenting arguments about California's litigation and State Bar reporting privileges).  Accordingly, and because Plaintiff cannot plead additional facts to avoid immunity, the Court grants Defendant's Motion to Dismiss Plaintiff's § 1983 and Bane Act claims without leave to amend.

**B.      California's Litigation Privilege Also Bars Plaintiff's Bane Act Claim**

"California's litigation privilege applies to any communication '(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that ha[s] some connection or logical relation to the action.'"  *Graham-Sult v. Clainos*, 756 F.3d 724, 741 (9th Cir. 2014) (quoting *Mansell v. Otto*, 108 Cal. App. 4th 265, 271 (2003)).  "The privilege 'immunizes defendants from virtually any tort liability (including claims for fraud), with the sole exception of causes of action for malicious prosecution.'"  *Id.* (quoting *Olsen v. Harbison*, 191 Cal. App. 4th 325, 333 (2010)).

Plaintiff's Bane Act claim is also precluded by California's litigation privilege. Defendant filed the sworn statement at issue in a judicial proceeding to obtain sanctions against Plaintiff for abusive discovery tactics.  ECF 13 at 25; ECF 13-28 (Defendant's sworn declaration).  "The California litigation privilege absolutely bars all claims but malicious prosecution attacking 'any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation.'"  *Duncan v. Cnty. of Humboldt*, No. 23-cv-01847-JSC, 2024 WL 3228085, at *9 (N.D. Cal. June 27, 2024) (quoting *Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990), *as modified* (Mar. 12, 1990)). "So, Plaintiff cannot maintain a Bane Act claim against Defendant [] for h[is] statements in [Santa Clara] court filings logically related to the [] proceedings, even if those statements 'are, or are alleged to be, fraudulent, perjurious, unethical, or even illegal.'"  *Id.* (quoting *Kashian v. Harriman*, 98 Cal. App. 4th 892, 920 (2002)).

United States District Court
Northern District of California

4

United States District Court
Northern District of California

Plaintiff argues this privilege does not "extend to malicious, extra-judicial *actions* designed to weaponize state machinery, as opposed to protected speech or routine advocacy." ECF 15 at 12 (emphasis in original). But the complaint only alleges that Defendant submitted false statements in a Superior Court filing. Compl. ¶ 9. Such statements are the exact type of conduct protected by the litigation privilege and do not constitute "noncommunicative conduct" as Plaintiff suggests. Plaintiff's authority supports this finding. *See Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1249 (2007) (there is "no communication that is more clearly protected by the ligation privilege than the filing of a legal action"). Defendant's court filings fall clearly within the bounds of California's litigation privilege.[1] Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Bane Act claim on this additional basis.

## IV.   EVEN IF DEFENDANT WAS NOT ENTITLED TO IMMUNITY, PLAINTIFF'S CLAIMS FAIL

### A.   Plaintiff Cannot State a § 1983 Claim

"To state a claim for relief under section 1983, [a plaintiff] must plead two essential elements: 1) that the Defendants acted under color of state law; and 2) that the Defendants caused them to be deprived of a right secured by the Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir.1997). Normally, private parties are not acting under color of state law, and as such, no cause of action under Section 1983 is available. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). The Ninth Circuit has articulated four tests for determining whether a private person acted under color of law: (1) the public function test, (2) the joint action test, (3) the government nexus test, and (4) the government coercion or compulsion test. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

---

[1] "California's statutory litigation privilege does not apply to bar an action brought under 42 U.S.C. § 1983." *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 851 (9th Cir. 2004). This is because of the Supremacy Clause of the U.S. Constitution. *Kimes v. Stone*, 84 F.3d 1121, 1127 (9th Cir. 1996) (citing *Martinez v. California*, 444 U.S. 277, 284 n.8 (1980)). So, the litigation privilege does not apply to Plaintiff's § 1983 claim, which is already precluded by witness immunity.

Because the complaint alleges "joint action," the Court will only evaluate that test. *See* Compl. ¶ 20 ("By willfully participating in joint action with state actors through the misuse of state-created judicial and regulatory procedures, Defendant Moore acted under color of state law"). The joint action test asks "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (internal quotation marks omitted). This requirement can be satisfied "by showing that the private party was a willful participant in joint action with the State or its agents." *Id.* "Ultimately, joint action exists when the state has so far insinuated itself into a position of interdependence with [the private entity] that it must be recognized as a joint participant in the challenged activity." *Id.*

The complaint does not plausibly allege that Defendant jointly acted with the Superior Court or State Bar. The complaint alleges that the Superior Court issued an order relying upon Defendant's false statements, and that the State Bar has indicated its' intent to rely upon the Superior Court's order. Compl. ¶¶ 12–14. These conclusory allegations do not demonstrate that Defendant "was a willful participant in joint action with the State or its agents." *Tsao*, 698 F.3d at 1140. The allegations lack any detail regarding how the Superior Court or State Bar were so intertwined with Defendant beyond simply accepting his testimony as true. *See Ferguson v. Waid*, 798 F. App'x 986, 988 (9th Cir. 2020) (complaints to state bar association did not constitute action under color of state law). These allegations cannot form the basis of a § 1983 claim.

Further, Plaintiff cannot allege deprivation of a constitutional right in his professional reputation or license to practice law. Plaintiff's cited authority stands for the proposition that individuals cannot be excluded from an occupation for reasons which contravene the Fourteenth Amendment. *See Schware v. Bd. of Bar Exam. of State of N.M.*, 353 U.S. 232, 238–239 (1957); *Dittman v. California*, 191 F.3d 1020, 1029 (9th Cir. 1999). But Plaintiff does not allege that he has been excluded from the practice of law, or that his license has even been suspended. Compl. ¶ 14. To properly allege a liberty right

6

violation in pursing one's chosen profession, there must be "a *complete prohibition* on the right to engage in a calling, and not [a] sort of brief interruption." *Guzman v. Shewry*, 552 F.3d 941, 954 (9th Cir. 2009) (emphasis in original) (citation omitted); *Dittman*, 191 F.3d at 1029 (requiring more than a "brief interruption" in one's ability to pursue an occupation to state a liberty interest). Nor can reputational harm alone state a viable § 1983 claim. *Miller v. California*, 355 F.3d 1172, 1178 (9th Cir. 2004); *Paul v. Davis*, 424 U.S. 693, 712 (1976). Accordingly, the Court grants Defendant's Motion to Dismiss without leave to amend.

### B.    Plaintiff Cannot State a Bane Act Claim

The Bane Act provides a private right of action for interference with state or federal rights by threat, intimidation, or coercion. Cal. Civ. Code § 52.1(b)–(c). To state a Bane Act claim, Plaintiff must allege 1) interference with h[is] rights by "threat, intimidation, or coercion" and 2) [Defendant's] specific intent to violate h[is] rights. *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018). "Speech alone is not sufficient to support an action . . . , except upon a showing that the speech itself threatens violence . . . ; and the person or group of persons against whom the threat is directed reasonably fears that, because of the speech, violence will be committed against them or their property and that the person threatening violence had the apparent ability to carry out the threat." Cal. Civ. Code § 52.1(k).

The complaint does not assert a Bane Act claim. The complaint alleges Defendant's "coercive conduct included knowingly supplying fabricated factual assertions to invoke judicial authority and then leveraging the resulting order as a means of regulatory intimidation by threatening and initiating professional discipline against Plaintiff." Compl. ¶ 26. The Bane Act explicitly states that "speech alone" is insufficient to state a claim and there must be a threat that "violence will be committed against [the plaintiff]." Cal. Civ. Code § 52.1(k). The complaint does not allege any acts of violence, threatened or otherwise. Accordingly, the Court grants Defendant's Motion to Dismiss without leave to amend.

United States District Court
Northern District of California

## V.    CONCLUSION

Accordingly, the Court GRANTS Defendant's Motion to Dismiss without leave to amend as it would be futile.  Because the Court grants Defendant's Motion to Dismiss without leave to amend, this Order does not reach the anti-SLAPP issues in Defendant's Motion.  The Court orders that judgment be entered in favor of Defendant.

**IT IS SO ORDERED.**

Dated:  May 18, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California